Lin v. Lynch

BIA
Christensen, IJ
A205 427 855

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand sixteen.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
SUSAN L. CARNEY,
    *Circuit Judges.*
_____

TIANTIAN LIN,
    *Petitioner,*

v.                                      15-2434
                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*
_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Anthony
                       W. Norwood, Senior Litigation
                       Counsel; Corey L. Farrell, Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tiantian Lin, a native and citizen of the People's Republic of China, seeks review of a July 16, 2015 decision of the BIA affirming a December 10, 2013 decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tiantian Lin,* No. A205 427 855 (B.I.A. July 16, 2015), *aff'g* No. A205 427 855 (Immig. Ct. N.Y.C. Dec. 10, 2013).

Under the circumstances of this case, we review the IJ's decision as the final agency determination *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (reviewing adverse credibility determination for substantial evidence). In doing so, we assume the parties' familiarity with the underlying facts and procedural history of the case.

For applications such as Lin's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" the inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and citations omitted). By these standards, the agency's adverse credibility determination is supported by substantial evidence.

3

The IJ reasonably relied on multiple inconsistencies between Lin's testimony and asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166 n.3. Among other things, Lin testified that while detained in China for attending an underground Christian church, (1) police beat her, (2) police threw a binder at her head and hurt her ear, and (3) her father paid a substantial bribe for her release. Her application, however, made no mention of these incidents. In addition, Lin testified, in direct contradiction of her application, that police had raided her church on multiple prior occasions. Lin explained these discrepancies by testifying that she did not write well, did not think she needed to include the omitted facts in her application, or had not listened carefully to questions asked at the hearing. The IJ was not compelled to accept these explanations. *See Majidi*, 430 F.3d at 80-81. Accordingly, because the discrepancies were material to the sole incident of persecution in Lin's claim, *see Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006), the IJ was entitled to rely on them in finding Lin not credible, *see* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166 n.3, 167.

4

Nor did the IJ err in relying on multiple inconsistencies between Lin's testimony and that of her witness, Huizhen Liang, on such facts as whether Liang remained a member of the church choir, had been at the service the previous Sunday, or had attended Lin's baptism. The IJ was not required to accept Liang's explanations for the inconsistencies, *Majidi*, 430 F.3d at 80-81, and reasonably concluded that her testimony was not credible.

Finally, the IJ reasonably concluded that Lin failed to rehabilitate her credibility with sufficient corroborating evidence. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Lin submitted no letters or documents corroborating her church attendance or arrest in China, and the documents she did submit—letters from Liang and the pastor of her church in the United States, as well as a photograph of her parents purportedly in a church in China—did not resolve the inconsistencies in her testimony. The pastor was unavailable for cross-examination, and, as noted, Liang's testimony repeatedly contradicted Lin's. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010), *rev'd on*

*other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

On this record, we identify no basis to disturb the IJ's adverse credibility determination, *see Xiu Xia Lin*, 534 F.3d at 165–66, which is dispositive of Lin's claims for asylum, withholding of removal, and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk